UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **Case Number: CR 05-S-543-S** |
| ) | |
| **JEWELL C. "CHRIS" McNAIR,** ) | |
| **SOHAN P. SINGH,** ) | |
| **EDWARD T. KEY, JR., and** ) | |
| **US INFRASTRUCTURE, INC.** ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion to dismiss counts 32 and 50 of the Second Superseding Indictment filed by defendant Jewell C. "Chris" McNair (doc. no. 51), which was adopted by the remaining three defendants (doc. no. 64). The Magistrate Judge filed a report and recommendation recommending that the motions be denied.[1] Defendants timely filed objections to the report and recommendation.[2]

Defendants maintain that the conspiracy counts should be dismissed because the charge of conspiracy to commit bribery cannot exist as a distinct offense, separate from the substantive bribery offense. *See* 18 U.S.C. §§ 666(a)(1)(B) and (a)(2). Citing a Second Circuit case, *United States v. Sager*, 49 F.2d 725 (2d Cir. 1931), defendants argue that conspiracy to commit bribery and the substantive offense of

---

[1] *See* doc. no. 85.

[2] *See* doc. nos. 93, 94.

bribery are both crimes requiring concerted action by at least two people, and thus they merge into the substantive bribery offense alone. The Sixth Circuit has reached the opposite conclusion, finding that defendants can be convicted of both conspiracy and bribery arising out of the same set of circumstances. *See United States v. Finazzo*, 704 F.2d 300 (6th Cir. 1983). Neither the Eleventh Circuit[3] nor the United States Supreme Court has addressed the precise issue before this court.

The general rule is that "a conspiracy and the substantive offense that is its immediate end are discrete crimes for which separate sanctions may be imposed." *Iannelli v. United States*, 420 U.S. 770, 771 (1975). This is because "conspiracy poses distinct dangers quite apart from those of the substantive offense." *Id*. at 778. Concerted criminal activity presents a greater danger to the public than the commission of individual crimes because "[c]oncerted action both increases the likelihood that the criminal object will be successfully attained and decreases the probability that the individuals involved will depart from their path of criminality." *Id*.

---

[3] In *dicta*, the Eleventh Circuit suggested that Wharton's Rule might prohibit prosecution for bribery conspiracy if the only co-conspirator involved was the person who paid the bribe. *See United States v. Fernandez*, 892 F.2d 976, 989 n. 15 (11th Cir. 1990) (citing *United States v. Pacheco*, 489 F.2d 554, 558-59 (5th Cir. 1974)). Later, the Eleventh Circuit rejected, without comment, a similar argument raising the applicability of the Wharton Rule to bribery and conspiracy charges under 18 U.S.C. §§ 201, 371. *See United States v. Evans*, 344 F.3d 1131, 1132 & n.2 (11th Cir. 2003) and Brief of Appellant, Audley Evans, No. 01-15156, 2002 WL 32315485 at *16-22 (Apr. 17, 2002). *See also United States v. Evans*, 124 Fed. Appx.641 (11th Cir. 2004) and Brief of Appellant, Audley Evans, No. 04-10496-AA,  2003 WL 23960143 at *20-22 (Mar. 15, 2003).

The eponymously named Wharton's Rule is an exception to this general principle and provides as follows: "An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." *Id.* at 773 n.5 (citation omitted). The classic examples of crimes to which the rule applies are dueling, bigamy, adultery, and incest. *See United States v. Pacheco*, 489 F.2d 554, 558 (5th Cir. 1974). The rationale for the rule is that "it is grossly unjust to punish two parties for the commission of a crime and for combining to commit the crime when the combination is an inherent element of the substantive offense." *Id.*

Defendants' main objection to the Report and Recommendation focuses on a purported failure to address their argument regarding the term "agrees." Defendants assert, without citation to authority, that the "offense of bribery requires the same concerted activity as the conspiracy charged in this case."[4] The court disagrees. First, the relevant inquiry focuses on the proof necessary to establish the statutory elements of each offense, not on the evidence likely to be or actually submitted. *See Iannelli*, 420 U.S. 785 n.17. Conspiracy to commit bribery, unlike bribery, requires that the defendants commit an overt act. Under the bribery statute, the substantive crime is complete when the public official agrees to accept money; under the

---

[4] Doc. no. 51 at 7-8 (McNair's motion to dismiss).

3

conspiracy statute, an overt act following an agreement to commit a crime must also be committed.  *Compare* 18 U.S.C. § 666(a) *with* 18 U.S.C. § 371.

Even assuming, as defendants assert, that the two offenses both require an "agreement," that concept has distinct meanings.  A person commits the crime of bribery by either agreeing with a bribe payor to receive something of value with the intent of being influenced in one's official performance or agreeing with a bribe payee to give something of value with the intent to influence one's official performance.  Agreement in that context refers to a limited agreement that something of value will change hands for the purpose of influencing the recipient.  It does not require that the bribe payor [payee] have criminal intent (i.e., the bribe payor [payee] may be an undercover government agent or informant). *See, e.g., United States v. Burke*, 257 F.3d 1321 (11th Cir. 2001) (conviction for accepting a bribe from a government agent under § 666(a)(1)(B)).

By contrast, a person who commits conspiracy agrees with another person to commit a crime.  *Both* parties to the agreement, however, must have criminal intent–hence the principle that a conspiracy may not exist solely between a defendant and a government agent.  *See United States v. Wright*, 63 F.3d 1067, 1072 (11th Cir. 1995).  Thus, unlike a charge of bribery, a charge of conspiracy to commit bribery connotes that the defendant has agreed with another culpable person to commit that

4

crime. Wharton's Rule therefore is inapplicable to the crime of bribery conspiracy, because that rule only applies when the substantive offense requires the participation of the same persons charged with the conspiracy. *See United States v. Brenson*, 104 F.3d 1267, 1283 (11th Cir. 1997). *See also United States v. Helmich*, 704 F.2d 547, 550 (11th Cir. 1983) (finding Wharton's Rule inapplicable where indictment charged defendant of conspiracy with "persons known and unknown to the Grand Jury", thus including individuals other than those involved in the substantive crime).

In any event, dismissal of the conspiracy charges would not be the solution, and thus defendants' motions are due to be denied. *See Iannelli*, 420 U.S. 786 n.18. Even if the conspiracy charges are necessarily included in the substantive counts, the proper procedure would be to submit both charged crimes to the jury. For example, there would be no reason to immunize a defendant from punishment for a completed conspiracy merely because the substantive offense at which the conspiracy was aimed was never consummated. Only a jury can determine whether a crime has been committed, and until a verdict is rendered, there are no assurances that a conviction on the substantive offenses will occur. After a verdict is rendered, the court can address issues of impermissible double punishment, if necessary.[5]

---

[5] In the Brief for the Government filed in the Supreme Court by then-Solicitor General Robert H. Bork in the *Iannelli* case, the government discussed a scenario where double punishment for bribery and conspiracy to commit bribery would not be allowed:

Upon consideration of the arguments presented by counsel and the report and recommendation of the Magistrate Judge, this court accepts the Magistrate Judge's recommendation that defendants' motions be denied, and the motions hereby are DENIED.

DONE this 6th day of November, 2006.

_____
United States District Judge

---

The federal bribery statute, for example, makes it a crime for a public official, *inter alia*, to "agree to receive anything of value . . . in return for . . . being influenced in his performance of any official act" (18 U.S.C. 201(c)). A public official who agreed with another person to receive a bribe from him could be convicted under that statute without proof that either party committed an overt act in furtherance of the agreement. If both parties entered into the agreement with guilty knowledge and if either one committed an overt act, then each would be guilty as well of conspiracy. The conspiracy in these circumstances would necessarily include the agreement to receive the bribe. The imposition of cumulative punishment upon a conviction for both offenses would therefore be impermissible.

1974 WL 185603, *26 n.16 (Nov. 16, 1974).