FILED
2007 Feb-14 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



FILED
FEB 1 4 2007
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-05–543-CLS-TMP |
| | ) | |
| JEWELL C. "CHRIS" McNAIR, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT, CONDITIONS, AND UNDERSTANDINGS

The United States of America, the Defendant, and the Defendant's attorney

each hereby acknowledge the following to be the plea agreement between the

Defendant and the United States and the conditions and understandings that apply

to the agreement:

**I.   PLEA AGREEMENT**

The United States and the Defendant hereby AGREE to the following:

A.   CONDITIONAL PLEA

The Defendant will enter a conditional plea of guilty, pursuant to

Rule 11(a)(2), Fed.R.Crim.P., to Count Thirty-Two in the Second

Superceding Indictment in the above-styled case.  Defendant specifically

reserves the right to have an Appellate Court review an adverse

determination of the Defendant's "Motion to Dismiss Counts Thirty-Two and Fifty" (Doc. 51).  In exchange, the United States agrees to dismiss, without prejudice, as to Defendant JEWELL C. "CHRIS" McNAIR, Counts Thirty-Three through Thirty-Seven and Count Fifty of the Second Superceding Indictment.

In addition to the above, Defendant McNAIR and the United States agree as follows:

1)    The United States agrees that in the event the Defendant prevails on appeal in this case, that the Defendant will be allowed to withdraw his guilty plea;

2)    The Defendant reserves his right to appeal his conviction and adverse rulings in *United States v. McNair,* CR-05-00061-RBP-TMP;

3)    The Defendant agrees that in the event that he is allowed to withdraw his guilty plea because he has prevailed on appeal, the United States can reinstate any or all charges dismissed pursuant to this agreement and that all charges in this case can be consolidated for trial with any remaining charges from *United States v. McNair,* CR-05-00061-RBP-TMP; and

4)    The United States and the Defendant agree that all provisions

2

and recommendations contained in Paragraphs I.B and I.D below are agreed

to, are in full force, and will be recognized at Defendant's sentencing in

CR-05-00061-RBP-TMP.

B.      SENTENCING RECOMMENDATION

Upon the Court's acceptance of the aforesaid plea and entry of

judgment on the same, the United States will recommend:  that the

Defendant be sentenced to a term of incarceration within the adjusted

advisory guideline range; that the Defendant be sentenced to pay restitution

to the Jefferson County Environmental Services Department ("JCESD");

that the Defendant be sentenced to pay a fine, as determined by the Court,

pursuant to 18 U.S.C. § 3571(d), which fine shall be payable in equal

installments over five years; and the United States will not oppose the

Defendant's request for acceptance of responsibility in calculating the

advisory guideline range.  Defendant McNAIR will reserve the right of

allocution at sentencing regarding incarceration, including to argue for a

downward departure or for a reasonable sentence below the advisory

guideline range after considering the factors set forth in 18 U.S.C. §

3553(a).  The United States agrees that it will not recommend a particular

sentence within the adjusted guideline range, but will leave such

3

determination to the discretion of the Court.

C.    FACTUAL BASIS

The following is a true and correct summary of the factual basis of the offense to which Defendant is pleading guilty.  The Defendant agrees that the court may use these facts for sentencing purposes:

After 1996, Defendant JEWELL C. "CHRIS" McNAIR was the Jefferson County Commissioner who had oversight of the Jefferson County Environmental Services Department.  US Infrastructure, Inc. ("USI") was an engineering firm that received over $50 million worth of "no-bid" engineering contracts from the Jefferson County Environmental Services Department ("JCESD") during the conspiracy period.  Jefferson County, Alabama, received over $10,000 in federal assistance during each year relevant to the charges in this case.

Beginning in or about the February 1999, and continuing at least through February 2002, Defendant JEWELL C. "CHRIS" McNAIR, corruptly accepted and agreed to accept, things of value from agents of USI, including payments totaling approximately $140,000 on invoices for consulting and printing work that was not actually performed.  Defendant McNAIR did accept and agree to accept, these things of value with intent to

4

be influenced and rewarded.  Defendant McNAIR took these things of value

with the understanding that they were being offered with the intent that he

would be rewarded thereby and would generally benefit USI in its business

dealings with Jefferson County and the JCESD.

The Defendant hereby agrees and stipulates to the accuracy of the

above factual basis.  Defendant agrees that the information above may be

used for sentencing purposes and waives any right he may have for a jury

determination of such facts.

JEWELL C. "CHRIS" McNAIR

D.     ASSESSMENT

The Defendant will bring to the sentencing hearing, a money order or

cashier's check in an amount equal to $100.00 for each count of conviction,

for a total of $100.00, payable to the "Clerk, United States District Court" to

pay the special assessment required by Title 18, United States Code, Section

3013. The Defendant will pay the assessment to the clerk of the court

immediately upon sentencing.

II.    CONDITIONS AND UNDERSTANDINGS

The following conditions and understandings apply to the plea agreement set out

5

above:

A.   POSSIBLE SENTENCES AND THE GUIDELINES

(1) Maximum Possible Sentences:  The Defendant is aware of the maximum possible punishments under each count.  The Defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, restitution, and other costs and losses.

(2)   Special Assessment Fees:  The law requires that Special Assessment fees be imposed.

(3)   Restitution:  The Court must order restitution in cases involving an identifiable victim.

(4)   Guidelines:   Counsel has explained to the Defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are advisory in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range.  The Defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

6

(5)   Non-binding: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States, or the Defendant, does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(6)   Sentencing Information: The United States acknowledges that any facts or evidence it deems relevant to sentencing will be submitted to the Court as part of the pre-sentence investigation. This includes the fact of any obstructive conduct or new violations of law committed by the Defendant after entry of a guilty plea.

B.   WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the Guideline range, the Defendant may not withdraw the plea of guilty. Defendant may withdraw his guilty plea only if his conviction is vacated pursuant to Paragraph I(A)(1) of this agreement.

C.   FAMILIARITY WITH CHARGES

The Defendant has read and understands the indictment, and has

7

discussed the charges and possible defenses with counsel. The Defendant is fully aware of the elements of each count.

D.    ACKNOWLEDGMENT OF GUILT

Should the Defendant move the court to accept the plea of guilty under the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of <u>nolo</u> contendere, the plea agreement described above will be null and void and the United States will not be bound by any agreement, understanding, provision, or stipulation, express or implied in this document.

E.    WAIVER OF TRIAL RIGHTS

Subject to the provisions contained in Paragraph I(A), the Defendant, by pleading guilty, waives any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The Defendant also waives the right to trial by a jury (or by a judge if the Defendant elected to be tried by a judge alone) and waives any right that may exist to have any factors used for sentencing found beyond a reasonable doubt by a jury. At any such trial, the Defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the Defendant, to present evidence on the Defendant's behalf, to

8

compel the attendance of witnesses for the defense, and to testify or refuse

to testify. The United States would bear the burden of proof beyond a

reasonable doubt. The Defendant would be presumed innocent and could

only be convicted and sentenced if a jury of twelve people (or a judge if the

Defendant elects to be tried by a judge) unanimously found the Defendant to

be guilty beyond a reasonable doubt. The Defendant would have the right to

appeal a guilty verdict and sentence. All these rights and protections are

hereby waived.

F.   <u>WAIVER OF DIRECT AND COLLATERAL APPEAL RIGHTS</u>

Except as provided in Paragraph I(A), in consideration of the

Government's recommended disposition, I, Jewell C. "Chris" McNair,

hereby waive and give up the right to appeal:

(1) my conviction in this case; (2) the right to challenge any sentence so

imposed or the manner in which the sentence was determined in any

collateral attack, including, but not limited to, a motion brought under 28

U.S.C. § 2255 in this case; and (3) any fines and special assessments

imposed in this case.

I further acknowledge that before giving up these rights, I discussed

the advisory nature of the Federal Sentencing Guidelines and their

9

application to my case with my attorney, who explained them and answered all of my questions to my satisfaction.  I further acknowledge that, for purposes of appeal in CR-05-543-CLS-TMP, the statute of limitations shall be tolled with regard to all counts included in CR-05-543-CLS-TMP, for the period of time between the date of this plea and the disposition of the appeal in the case.

I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily giving up the appeal and sentencing rights stated.

_____
Jewell C. "Chris" McNair
**DEFENDANT**

_____
G. Douglas Jones, Esq.
**COUNSEL for Jewell C. McNair**

G.     DEFENDANT'S UNDERSTANDING

The Defendant has read and understands the provisions of this agreement consisting of fourteen (14) pages.  He has discussed the case and constitutional and other rights with his lawyer and is satisfied with the lawyer's representation in this case.  The Defendant understands that by

10

pleading guilty, all rights to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in Defendant's behalf, to maintain privileges against self-incrimination and to the presumption of innocence, and to file a direct or collateral appeal of conviction and sentence except in the limited circumstances enumerated above is waived. The Defendant agrees to enter a plea as indicated above on the terms and conditions set forth herein.

H.   COUNSEL

The Defendant has discussed this case at length with Defendant's counsel.  The Defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.  The Defendant is satisfied that counsel has explored all relevant witnesses and potential motions on Defendant's behalf and has represented Defendant in an effective fashion.

I.   NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, AGENTS, OFFICERS, OR BY ANYONE ELSE,

11

NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY.

The Defendant is not relying on any representations from anyone regarding length of sentence, conditions of service of sentence, possible parole or release dates, or other conditions of incarceration including, but not limited to, designation of facility and the type of facility to which a designation may be made. This document represents the sole agreement and understanding between the Defendant and the United States.

J.      POST-SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

K.      OTHER DISTRICTS AND JURISDICTIONS

This document DOES NOT BIND any other United States Attorney in any other district, nor does it bind state or local authorities.

L.      FORFEITURE AND OTHER CIVIL OR ADMINISTRATIVE PROCEEDINGS

This document in no way applies to or limits any pending or prospective forfeiture or other civil or administrative proceedings.

12

M.    TAX PROCEEDINGS

This document in no way applies to or limits any pending or prospective proceedings related to the Defendant's tax liabilities, if any.

N.    COMPETENCE

The Defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

13

## III.   ACKNOWLEDGMENTS

1.   I have READ this document, DISCUSSED it with my attorney, and
     UNDERSTAND and AGREE with all its provisions both individually
     and totally.

     _____2.14.07_____          _____
     DATE                               Jewell C. "Chris" McNair
                                        Defendant

2.   I have discussed this case with the Defendant in detail and have
     advised the Defendant of the Defendant's rights and all possible
     defenses.  The Defendant has conveyed to me that he understands this
     document and consents to all its terms.  I believe the plea and
     disposition set forth herein are appropriate under the facts of this
     case.  I concur in the entry of the plea as indicated above and on the
     terms and conditions set forth herein.

     _____2.14.07_____          _____
     DATE                               G. Douglas Jones
                                        Counsel for Defendant

3.   I have reviewed this document and agree to its provisions.

                                        ALICE H. MARTIN
                                        United States Attorney

     _____2/14/07_____          _____
     DATE                               William D. Dillon
                                        Trial Attorney
                                        Unites States Department of Justice
                                        Antitrust Division

                                        14